RANDY S. GROSSMAN
United States Attorney
STEVE B. CHU
Assistant U.S. Attorney
California State Bar No.: 221177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7167
Facsimile: (619) 546-7751
Email: steve.chu@usdoj.gov

Attorneys for Petitioner
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM WAGNER <br><br> Respondent. | Case No.: **'22CV1791 WQHAHG** <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE THE UNITED STATES FEDERAL AVIATION ADMINISTRATION'S ADMINISTRATIVE SUBPOENA |

# I
# INTRODUCTION

Petitioner, the United States Federal Aviation Administration ("FAA" or "The United States") files this Petition for Enforcement of two lawful administrative subpoenas issued by the FAA to William Wagner, owner and operator of Wagner Aeronautical, Inc., a California company ("Wagner" or "Respondent").

The Subpoenas are part of an investigation into an individual named Lance Ricotta, whom the FAA has reason to believe is providing air transportation for compensation or hire without proper FAA certification. The subpoena duces tecum (hereafter the "document subpoena") seeks the production of documents relevant to the FAA's investigation. The second subpoena (hereafter the "deposition subpoena") seeks Mr. Wagner's deposition testimony. To date, Respondent has refused to comply with the Subpoenas. Therefore, the FAA respectfully requests the Court to issue an order requiring Respondent to comply with the Subpoenas. *See* 49 U.S.C. § 46104(b).

# II
# FACTUAL AND PROCEDURAL BACKGROUND

1. <u>The FAA Investigation</u>

In early 2022, the FAA received a complaint that Lance Ricotta was providing air transportation to William Wagner without appropriate certification. (Declaration of Brian Khan at ¶ 3.) The FAA began investigating whether Lance Ricotta was providing air transportation for compensation without the proper FAA certification required under 14 C.F.R. parts 119 and 135 of the federal aviation regulations. (*Id.* at ¶¶ 4-7.) By failing to obtain proper certification, Mr. Ricotta could avoid the higher safety standards that govern operators who fly individuals for compensation.

In March 2022, the FAA issued two administrative subpoenas and served them on Respondent in connection with this investigation. (Exhibits A and B.) On March 15, 2022, the FAA issued a subpoena duces tecum seeking documents, including

operating agreements, contracts, invoices, payment records, logs, and documents containing contact information of all individuals and/or entities of Lance Ricotta who arranged transportation by air for Wagner from January 1, 2020 to the present. The subpoena required Respondent to mail or hand deliver the documents to Aviation Safety Inspector David Voelker, who is located in Van Nuys, California, by March 31, 2022.

On April 26, 2022, the FAA issued a deposition subpoena requiring that the deposition testimony of Mr. Wagner occur at 2:00 p.m. on May 5, 2022 in San Diego.

2.  <u>Respondent Refused to Comply With the Valid Administrative Subpoenas</u>

On May 25, 2022, Mr. Wagner through his counsel served objections to the document subpoena, without offering to produce any documents. (Exhibit C.) On May 26, 2022, Lance Ricotta, although he was not the person to whom the subpoenas were directed, served the FAA with a "Motion to Quash Subpoena For Deposition of Mr. William Wagner." The motion does not appear to have been filed in any relevant court. (Exhibit C.) Respondent did not comply with either subpoena.

Seeking to resolve the matter without court intervention, on August 19, 2022 the United States sent a letter to Wagner, providing an opportunity to comply with the two subpoenas without court intervention. (Exhibit D.) To date there has been no response to the August 19, 2022 letter.

The authorities cited on the face of the Subpoena preclude Wagner's refusal to comply. The United States has made good faith efforts to negotiate compliance. The United States now requests that the Court enter an order requiring Wagner's compliance with both Subpoenas without further delay.

### III
### LEGAL STANDARD

The scope of judicial inquiry in an agency subpoena enforcement proceeding is "quite narrow." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012). The three-part inquiry is: "(1) whether Congress has granted the

3

[agency] authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence [sought] is relevant and material to the investigation." *Id.*; *see also Oklahoma Press Publ'g Co. v. Walling*, 327 U.S. 186, 209 (1946) (discussing that a court may enforce an administrative subpoena upon a showing that "the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry"). Courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *EEOC v. Federal Express Corp.*, 558 F.3d 842, 854 (9th Cir. 2009). Relevance is determined in terms of the investigation rather than as prospective trial evidence, and courts have emphasized that this prong of the inquiry is "not especially constraining." *Id.* And as a court in this district recently stated, the agency does not have to file a declaration when enforcing an administrative subpoena. *See United States v. State of California*, 3:18-cv-2868, 2019 WL 2498312, at *2 (S.D. Cal. May 9, 2019) (holding that the State of California must produce documents demanded in a DEA administrative subpoena).

If the agency demonstrates these factors, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 217 (1946); *General Insurance Co. of America v. EEOC*, 491 F.2d 133, 136 (9th Cir. 1974).

## IV

## ARGUMENT

**A.   THE FAA SUBPOENAS SATISFY THE RECOGNIZED ENFORCEMENT REQUIREMENTS**

1. <u>The FAA Has The Authority to Investigate Potential Violations</u>

It is well established under 49 U.S.C. § 46104(b) that the FAA may issue administrative subpoenas in support of conducting hearings or investigations. This investigative power has been further recognized and enforced by the United States

Supreme Court. *Civil Aeronautics Bd. v. Hermann*, 353 U.S. 322, 323-324 (1957). In the *Hermann* case, the Supreme Court enforced an administrative subpoena by the Civil Aeronautics Board, a predecessor of the FAA, that arose in the Southern District of California, the same district in which this matter now arises. Pursuant to 49 U.S.C. § 46104(b), should a party refuse to comply with an administrative subpoena, the FAA may petition a district court to enforce the subpoena, and seek contempt of court. The relevant portion is included below:

> **(b) Compliance with subpoenas.--**If a person disobeys a subpoena, the Secretary, the Administrator of the Transportation Security Administration, the Administrator of the Federal Aviation Administration, or a party to a proceeding before the Secretary, Administrator of the Transportation Security Administration, or Administrator of the Federal Aviation Administration may petition a court of the United States to enforce the subpoena. **A judicial proceeding to enforce a subpoena under this section may be brought in the jurisdiction in which the proceeding or investigation is conducted. The court may punish a failure to obey an order of the court to comply with the subpoena as a contempt of court.**

49 U.S.C. § 46104(b) (emphasis added)

The FAA may, on its own initiative, initiate an investigation "if 'a reasonable ground appears' about 'any question that may arise' under the Act or the FAA's regulations." *Huerta v. Haughwout*, No. 3:16-CV-358 (JAM), 2016 WL 3919799, at *3 (D. Conn. July 18, 2016) (quoting 49 U.S.C. § 46101(a)(2)) (enforcing FAA administrative subpoena seeking documents and deposition testimony related to investigation of possible violation of FAA regulations); *see also United States v. Morton Salt*, 338 U.S. 632, 642-43 (1950) (stating a government agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."); *EEOC v. Aerotek, Inc.*, 815 F.3d 328, 333 (2016) (quoting *Morton Salt*, and noting the breadth of an agency's ability to gather information). FAA investigations are legitimate even if the FAA ultimately finds that no regulatory violation occurred in the past or that any prior regulatory violation has been remedied in the interim. *See* 49 U.S.C. § 46101(a).

Here, the FAA received a complaint that Mr. Ricotta was providing air transportation to Wagner without certification under 14 C.F.R. parts 119 and 135. (Khan declaration at ¶ 3.)  This provided reasonable grounds for the FAA to investigate.

2. The FAA Followed the Relevant Procedural Requirements

The FAA followed the relevant procedural requirements.  The Assistant Chief Counsel for Enforcement for the FAA Midwest team signed both the document subpoena and the deposition subpoena. (Exhibits A and B.)  The subpoenas were then served upon Wagner by Fedex overnight delivery. (*Id.*)  The document subpoena indicated that the specified documents must be mailed, or hand delivered or otherwise produced to an Aviation Safety Inspector located in Van Nuys, California.  The deposition subpoena specified that Wagner must appear at the Montgomery-Gibbs Executive Airport in San Diego, California, on May 5, 2022 at 2:00 p.m.  Notice was properly provided, and the instructions were clear.

3. The Requested Evidence is Relevant and Material to an FAA Investigation.

The requested evidence is relevant and material to an FAA investigation.  The transmittal letter accompanying the document subpoena specified that the documents were necessary for the FAA's investigation into alleged flight operations conducted by Lance Ricotta, because Mr. Ricotta may have been required to hold an air carrier certificate in order to conduct such operations. (Exhibit A.)  Similarly, the transmittal letter accompanying the deposition subpoena specified that the deposition was necessary as part of the FAA's investigation into the same issue. (Exhibit B.)

/ / /

/ / /

/ / /

/ / /

/ / /

The document subpoena called for the following:

**DOCUMENTS TO BE PRODUCED:**

For the period between January 1, 2020, to the present:

1) Operating agreements, aircraft lease agreements, lease contracts, management contracts, management agreements, and/or memoranda of agreements related to transportation by air provided to William Wagner or Wagner Aeronautical, Inc. by Lance Ricotta or his associates.
2) Invoices prepared or received by you related to transportation by air provided to William Wagner or Wagner Aeronautical, Inc. by Lance Ricotta or his associates.
3) Documents sent or received containing names, addresses, telephone numbers, and electronic mail addresses of any and all individuals and/or entities of Lance Ricotta or his associates who arranged transportation by air for William Wagner or Wagner Aeronautical, Inc.
4) Provide all documents regarding payments William Wagner or Wagner Aeronautical Inc. made to any individual or entity for flights conducted by Lance Ricotta or his associates ..

For the purposes of this subpoena, Wagner Aeronautical, Inc. includes William Wagner and any and all adjunct or subsidiary organizations and institutions under Wagner Aeronautical, Inc. 's management, responsibility, or control.

(Exhibit A.)

These requested documents are highly relevant to the FAA's investigation into whether Mr. Ricotta may have been providing air transportation to Wagner without the proper FAA certification. Invoices, payment records, operating agreements, and lists of names for people who arranged air transportation for Wagner would all provide valuable information on whether Mr. Ricotta was engaging in providing air transportation to customers for compensation or hire. The requested information is highly relevant to the FAA's investigation into whether Mr. Ricotta was required to hold an air carrier certificate while conducting these operations. 49 U.S.C. § 46104(a).

4. <u>The Two Subpoenas Are Not Overbroad or Unduly Burdensome</u>

The document subpoena specifies certain items and limits the scope of the information requested to information from January 1, 2020 to the present, a period of less than 3 years. This is a reasonable and focused request.

## V

## **CONCLUSION**

The FAA is authorized to investigate and issue subpoenas under 49 U.S.C. § 46101, *et seq.*. The document and deposition subpoenas at issue meet the procedural requirements, are relevant and material to an FAA investigation, and are specific and narrow. The United States, therefore, respectfully requests the Court to enter an order requiring compliance with the two subpoenas.

DATED: November 10, 2022            Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

 s/ Steve B. Chu

STEVE B. CHU
Assistant United States Attorney
Attorneys for the United States

8