1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM WAGNER, <br><br> Respondent. | Case No.:  3:22-cv-01791-WQH-AHG <br><br> **REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION TO ENFORCE SUBPOENAS TO WILLIAM WAGNER** <br><br> **[ECF No. 1]** <br><br><br> *Underlying action:* <br><br> *In the Matter of the FAA Safety Investigation Relating to Lance Ricotta* |

Before the Court is the United States' ("Petitioner" or "government") Motion to Enforce the Federal Aviation Administration's ("FAA") Subpoenas to William Wagner ("Respondent" or "Mr. Wagner"). ECF No. 1. The government asks the Court to enforce two administrative subpoenas—a document subpoena and deposition subpoena—served on Mr. Wagner pursuant to 49 U.S.C. § 46104(b), regarding an FAA investigation into

Lance Ricotta. *Id*. Mr. Wagner and Mr. Ricotta oppose the motion. ECF Nos. 5, 6. For the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** Petitioner's motion to enforce both FAA subpoenas.

## I.    BACKGROUND

In the early months of 2022, the FAA began investigating whether Mr. Ricotta was providing air transportation for compensation without proper FAA certification. ECF No. 1-2 at 2. The FAA suspects that one of the people Mr. Ricotta provided air transportation to was Mr. Wagner. ECF No. 1; *see cf.* ECF No. 1-4 at 27 ("Lance [Ricotta] has worked with the subpoenaed party, William Wagner, for over 25 years. Now, given this subpoena, Wagner has indicated that he and his entities will no longer work with Lance"). On March 15, 2022, as part of their investigation, the FAA issued a subpoena duces tecum to Mr. Wagner, seeking the production of four categories of documents. ECF No. 1-4 at 4–7; ECF No. 1 at 2. The FAA sought the following:

> For the period between January 1, 2020, to the present:
>
>    1) Operating agreements, aircraft lease agreements, lease contracts, management contracts, management agreements, and/or memoranda of agreements related to transportation by air provided to William Wagner or Wagner Aeronautical, Inc. by Lance Ricotta or his associates.
>    2) Invoices prepared or received by you related to transportation by air provided to William Wagner or Wagner Aeronautical, Inc. by Lance Ricotta or his associates.
>    3) Documents sent or received containing names, addresses, telephone numbers, and electronic mail addresses of any and all individuals and/or entities of Lance Ricotta or his associates who arranged transportation by air for William Wagner or Wagner Aeronautical, Inc.
>    4) Provide all documents regarding payments William Wagner or Wagner Aeronautical Inc. made to any individual or entity for flights conducted by Lance Ricotta or his associates.

*Id*. at 5. The subpoena required Mr. Wagner to mail or hand deliver the requested documents to David Voelker, the FAA Inspector, by March 31, 2022. *Id*.; ECF No. 1-2 at 3. Mr. Wagner did not produce any documents by the deadline. ECF No. 1-2 at 2. Instead, on May 25, 2022, Mr. Wagner served objections to the document subpoena, contending

that each of the four categories of documents sought were "vague as to time, overbroad, and oppressive." ECF No. 1-4 at 23–24.

On April 27, 2022, the FAA issued a deposition subpoena to Mr. Wagner, with his deposition scheduled for May 5, 2022, at 2:00 p.m. in San Diego. ECF No. 1-4 at 9–15; ECF No. 1-2 at 3. The subpoena identified the subject matter of the deposition: "the FAA will depose you regarding transportation by air provided to you by Lance Ricotta." ECF No. 1-4 at 13. On May 3, 2022, Mr. Wagner's counsel sent a letter to the FAA's counsel, explaining that he and Mr. Wagner would be traveling during the date reserved for the deposition, and arguing that Mr. Wagner should not be deposed at all. ECF No. 6-1 at 1–2. He explained that Mr. Wagner would "attest to the fact that Mr. Ricotta provided him a demonstration flight in the aircraft that [he] is interested in purchasing. [He] has owed [sic] aircraft in the past and this is his usual way to determine if he wants to purchase[,]" but argued that Mr. Wagner was not required to testify because there was no "active case" filed. *Id.* at 1. The letter closed with "[s]hould I not hear from you by close of business today, Tuesday, May 3, 2022, I will serve upon you a Motion to Quash on Wednesday, May 4, 2022[.]" *Id.* Mr. Wagner did not file a motion to quash and did not appear for his deposition. ECF No. 1-2 at 3. On May 26, 2022, Mr. Ricotta served the FAA with a motion to quash Mr. Wagner's deposition subpoena, which was not filed in any court. ECF No. 1-4 at 26–33; ECF No. 1-2 at 3. There, Mr. Ricotta argued that the deposition subpoena was not reasonably tailored because it is unclear whether Mr. Wagner is being deposed as an individual or on behalf of his business.[1] ECF No. 1-4 at 32. Mr. Ricotta also argued that deposing Mr. Wagner would be unreasonable and oppressive, implying that the FAA will threaten Mr. Wagner's own FAA certifications to secure damaging testimony against Mr. Ricotta. ECF No. 1-4 at 32.

---

[1] The government has noted that it "asks the Court to issue an order granting its petition and requiring Mr. Wagner, on behalf of himself and Wagner Aeronautical Inc, to sit for a deposition." Email to Chambers (Mar. 20, 2023, at 4:53 PM).

On August 19, 2022, the government sent a letter to Mr. Wagner, seeking his compliance with the subpoenas without court intervention. ECF No. 1-4 at 82–83; ECF No. 1-2 at 3. Neither Mr. Wagner nor his counsel ever responded to the letter. ECF No. 1-2 at 3. Thus, the government seeks to enforce the subpoenas and, on November 15, 2022, filed the instant motion. ECF No. 1. On December 12, 2022, Mr. Wagner and Mr. Ricotta each filed oppositions. ECF Nos. 5, 6. On December 21, 2022, the government filed its reply. ECF No. 9. The Court found it appropriate to set a hearing in the matter, and held a discovery hearing on January 19, 2023. ECF No. 14. During the hearing, Mr. Wagner agreed to produce documents relating to the subpoena duces tecum. *Id*. Thus, the Court took the instant motion under submission so that the parties could continue to meet and confer. *Id*. The Court ordered the parties to meet and confer following the production of documents regarding whether a deposition of Mr. Wagner would be necessary and, if necessary, the appropriate time limit and format for that deposition. *Id*.

On February 24, 2023, the parties jointly notified the Court that Mr. Wagner had produced a set of documents and that the parties were "working together in good faith to resolve some additional issues regarding the document production, and whether additional documents will be required." Email to Chambers (Feb. 24, 2023, at 10:10 AM); *see* ECF No. 15. Further, the parties represented that they were "continuing to discuss the potential for taking Mr. Wagner's deposition." *Id*. On March 10, 2023, the parties notified the Court that they were continuing to work together and anticipated that Mr. Wagner's deposition "could be done via Zoom make it most convenient for Mr. Wagner and his counsel[,]" but acknowledged that an agreement had not yet been reached. Email to Chambers (Mar. 10, 2023, at 12:00 PM); *see* ECF No. 18. Specifically, the government represented that it "has a good faith belief that Mr. Ricotta either acted as pilot or provided the pilots for flights on the aircraft for which Mr. Wagner provided dry lease agreements, which would be a violation of FAA regulations" and sought to depose Mr. Wagner "regarding his general relationship with Mr. Ricotta, and whether and to what extent Mr. Ricotta provided pilot services (either Mr. Ricotta acting as pilot or arranging for pilots)." Email to Chambers

(Mar. 20, 2023, at 4:53 PM). The government also represented that, though Mr. Wagner "ha[d] produced some documents responsive to the FAA's subpoena, the FAA continues to believe he has additional information[.]" *Id*. On March 20, 2023, the parties notified the Court that they "ha[d] not made any additional headway in resolving this pending FAA subpoena matter[.]" *Id*.; *see* ECF No. 19. The Court held a discovery conference on March 22, 2023. ECF No. 20. The parties were unable to reach an agreement and preferred that the Court issue an Order on the instant motion in lieu of further meet and confer discussions. *Id*. This Order follows.

## II.   PARTIES' POSITIONS

In its motion, the government contends that the relevant scope for judicial inquiry regarding the FAA's subpoenas at issue here is (1) whether Congress has granted the agency authority to investigate, (2) whether procedural requirements have been followed, and (3) whether the evidence sought is relevant and material to the investigation. ECF No. 1-2 at 4. The government argues that all three prongs are met here. *Id*. at 4–6. First, the government contends that the FAA has the authority under 49 U.S.C. § 46104(b) to issue subpoenas in support of conducting hearings or investigations. *Id*. at 4–5. Here, the FAA received a complaint that Mr. Ricotta was providing air transportation to Mr. Wagner without certification, giving it reasonable grounds to investigate. ECF No. 1-3 at 2; ECF No. 1-2 at 6. Second, the government represents that it followed the relevant procedural requirements, such as signatures, service, specificity, notice, and clarity. ECF No. 1-2 at 6. Third, the government argues that the subpoenas are relevant and material to the FAA investigation because the documents and testimony sought are relevant to whether Mr. Ricotta was providing air transportation to customers because, if he was, he would have been required to hold an air carrier certificate. *Id*. at 8. The government briefly notes that the scope of the information requested is not overbroad because "a period of less than 3 years … is a reasonable and focused request." *Id*. at 8.

In his opposition, Mr. Wagner argues that the FAA is abusing its authority and engaging in a fishing expedition. ECF No. 6 at 4. Mr. Wagner concedes that "the subject

matter of the subpoenas is ordinarily within the FAA's purview" but argues that the subpoenas at issue are overbroad, unduly burdensome, and "being used in an improper fashion, in furtherance of an improper investigation" because the stale complaint rule bars FAA enforcement proceedings regarding investigations that are not completed within 75 days and regarding investigations where the offenses occurred more than six months prior to informing the target about the investigation. *Id*. at 4–5. Mr. Wagner also notes that the government has not provided the date of the FAA complaint, or who made the complaint, expressing suspicion that Mr. Ricotta's brother made the complaint. *Id*. at 3–4. Finally, Mr. Wagner argues that Mr. Ricotta should be entitled to a laches defense because "[i]t would be manifestly unjust for the FAA to allow Lance Ricotta to continue to accrue thousands of dollars' worth of potential liability during the same time frame in which the FAA has not asserted any actions against Lance Ricotta." *Id*. at 6.

Though the subpoenas were not served on Mr. Ricotta, he filed an opposition in the instant matter, claiming that he has a "very vested interest in protecting his business, reputation, and clients." ECF No. 5 at 2. Mr. Ricotta claims that his brother provided false reports to the FAA. *Id*. He describes FAA's investigation tactics in his case to date, and deems them threatening and harassing. *Id*. at 7–8. Mr. Ricotta makes the same substantive arguments as in his previous motion to quash Mr. Wagner's deposition subpoena which the Court summarized above—that the subpoena was not reasonably tailored and is irrelevant, oppressive, and procedurally deficient—but applies them to both the document subpoena and deposition subpoena. *Id*. at 8–10.

In its reply, the government argues that the six-month, stale complaint rule does not apply to FAA civil penalty actions or situations where a person's qualification to fly is at issue, and thus is inapplicable here. ECF No. 9 at 1–2, 4, 6. The government notes that both subpoenas clearly state they are in relation to "alleged flight operations conducted by Lance Ricotta while Mr. Ricotta may have been required to hold an air carrier certificate in order to conduct such operations." ECF No. 9 at 4; ECF No. 1-4 at 4, 11. Further, the government contends that a 75-day investigation is not a rule or limit like Mr. Wagner claims, it is

merely guidance for what investigators should strive for. ECF No. 9 at 5. The government further argues that an inquiry is not improper solely based on the identity of the person helping to aid the investigation, noting that the family dispute between Mr. Ricotta and his brother are irrelevant to the issue at hand. *Id.* at 2.

### III.   THRESHOLD ISSUE OF AUTHORITY

In light of Respondent's contention that this matter is dispositive (*see* ECF No. 6 at 5), before turning to the substance of the instant motion, the Court first evaluates its authority to resolve the matter. *See N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 991, 995–96 (N.D. Cal. 2004) (assessing authority to address a motion to enforce administrative subpoenas before ultimately issuing a report and recommendation). A magistrate judge has the authority to "hear and determine" nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). Section 636, and this district's corresponding Civil Local Rule 72.1, specifically enumerate eight different types of matters to be treated as dispositive. *See* 28 U.S.C. § 636(b)(1)(A) (list does not include petitions to enforce administrative subpoenas); *see also* CivLR 72.1(b)–(c) (same). When a matter falls outside of those expressly enumerated matters, as is the case here, courts look to the effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) ("we must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive") (internal quotation marks omitted).

Here, ruling on Petitioner's instant motion to enforce the FAA subpoenas necessarily disposes of "the ultimate relief sought," since the only relief sought by the government in this case is court-ordered discovery. *See cf. CMKM Diamonds*, 729 F.3d at 1260 ("where the denial of a motion [] is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter"). In an analogous context of 28 U.S.C. § 1782 applications to compel discovery for

use in a foreign proceeding, the Ninth Circuit recently held that they are dispositive matters. *CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 34 F. 4th 801, 807–08 (9th Cir. 2022) (finding that "a freestanding [§ 1782] subpoena request that was filed on its own and not in conjunction with another federal lawsuit" was dispositive, explaining that "[j]ust as an order denying a § 1782 application for discovery is 'final' in the sense of resolving the entire case presented to the federal court, such an order rules on a 'dispositive matter' by denying 'the ultimate relief sought' in the federal case, [] namely the issuance of an order to produce documents") (internal citation omitted); *see Khrapunov v. Prosyankin*, 931 F.3d 922, 932 (9th Cir. 2019) (Callahan, J., concurring in the judgment and dissenting) (noting that the "procedure contemplated by § 1782 is analogous to an action brought by a domestic agency to enforce an administrative subpoena under 29 U.S.C. § 161," and citing Third, Fourth, Fifth, and Eighth Circuit cases holding that "a ruling on a motion to enforce an administrative subpoena" issued pursuant to 29 U.S.C. § 161 "is dispositive").

Because the Court deems the nature of the instant motion as dispositive, the Court will proceed with a report and recommendation. *See Cable Car Advertisers, Inc.*, 319 F. Supp. at 995–96 (issuing report and recommendation regarding motion to enforce National Labor Relations Board subpoenas, explaining that "a motion to enforce an investigative subpoena is like a motion to dismiss because, once a court compels compliance, the court disposes of the entire case before it").

## IV.   LEGAL STANDARD

The Ninth Circuit has explained that, in an agency subpoena enforcement proceeding, the scope of a court's inquiry is narrow. *N.L.R.B. v. N. Bay Plumbing, Inc*., 102 F.3d 1005, 1007 (9th Cir. 1996); *see United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012) (noting that "[t]he scope of judicial review in an administrative subpoena enforcement proceeding is 'quite narrow.'"). In such a proceeding, the Court considers three questions: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *E.E.O.C. v. Children's*

*Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc); *see Golden Valley Elec. Ass'n*, 689 F.3d at 1113.

If these three questions are answered in the affirmative, the subpoena must be enforced unless the opposing party shows that the subpoena is overbroad or unduly burdensome. *N. Bay Plumbing*, 102 F.3d at 1007; *see Golden Valley Elec. Ass'n*, 689 F.3d at 1113 ("Even if other criteria are satisfied, a Fourth Amendment reasonableness inquiry must also be satisfied") (internal quotation marks omitted); *Children's Hosp.*, 719 F.2d at 1428 (a "subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome"). "[T]he burden on a party seeking to dodge compliance with a subpoena is not a meager one[;] Such a party must come forward with facts suggesting that the subpoena is intended solely to serve purposes outside the purview of the jurisdiction of the issuing agency" or that "compliance would unduly disrupt and seriously hinder normal operations of the business." *N.L.R.B. v. Vista Del Sol Heath Servs.*, 40 F. Supp. 3d 1238, 1256 (C.D. Cal. 2014) (internal quotation marks omitted).

## V.   DISCUSSION

First, the Court finds that Congress has granted the FAA the authority to investigate. "Federal administrative agencies often have broad authority to investigate activity that may be subject to federal regulation. The FAA is no exception." *Huerta v. Haughwout*, No. 3:16-cv-358-JAM, 2016 WL 3919799, at *2 (D. Conn. July 18, 2016). Pursuant to 49 U.S.C. § 46101, Congress authorized the FAA to conduct investigations. *See also* 49 U.S.C. § 40113(a) (FAA "may take action … including conducting investigations, prescribing regulations, standards, and procedures, and issuing orders"). Upon receipt of a written complaint from any person, the FAA "shall investigate the complaint if a reasonable ground appears … for the investigation." 49 U.S.C. § 46101(a)(1). On its own initiative, the FAA "may conduct an investigation, if a reasonable ground appears … about [] a person violating [the Federal Aviation Act or FAA regulations] or any question that may arise under [the Federal Aviation Act or FAA regulations]." 49 U.S.C. § 46101(a)(2).

As part of the FAA's investigative authority, Congress has empowered the FAA to subpoena witnesses and records related to a matter under investigation, as well as take depositions. 49 U.S.C. § 46104(a), (c). If a recipient of an administrative subpoena refuses to comply, the FAA may seek judicial enforcement of the subpoena. 49 U.S.C. § 46104(b); *see also* 49 U.S.C. § 46313 (a person who does not obey a FAA subpoena to testify or produce records may be fined or imprisoned).

Here, the FAA received a complaint that Mr. Ricotta was providing air transportation to Mr. Wagner without certification under FAA regulations. ECF No. 1-3 at 2 (citing 14 C.F.R. § 119 and 14 C.F.R. § 135, which regard aviation certification requirements). The FAA then began to investigate the matter. *Id*. Thus, the Court finds that Congress has granted the FAA authority to investigate in this instance. *See* 49 U.S.C. § 46101(a)(1) (requiring the FAA to investigate upon receipt of a written complaint); 49 U.S.C. § 46104(a) ("in conducting [an] investigation … the [FAA] may subpoena witnesses and records related to a matter…, administer oaths, examine witnesses, and receive evidence"); 49 U.S.C. § 46104(c) ("in [an] investigation, the [FAA] may order a person to give testimony by deposition or to produce records").

Second, the Court finds that the procedural requirements have been followed. "Procedural requirements are satisfied when an administrative subpoena is properly issued and served." *C.F.T.C. v. Zepeda*, No. 22mc18-GW-MAR, 2022 WL 2063249, at *4 (C.D. Cal. May 12, 2022). A government official's affidavit is "sufficient to establish a prima facie showing that these requirements" are met. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1142–43 (9th Cir. 1997).

Here, the Administrator of the FAA is authorized to issue subpoenas in connection with investigations. 49 U.S.C. § 46104(a), (c). Therefore, the subpoenas were properly issued by Cynthia Dominik, Assistant Chief Counsel for Enforcement and "an officer designated by the Administrator of the F[AA]," and Brian Khan, an Enforcement Attorney at the Office of the Chief Counsel. ECF No. 1-4 at 3–15; *see* 14 C.F.R. § 13.3 ("the Administrator [of the FAA] delegates to the Chief Counsel, each Deputy Chief Counsel,

and the Assistant Chief Counsel for Enforcement the authority to: … subpoena witnesses and records … [and] order depositions and production of records …"). Additionally, the government has shown by affidavit that the subpoenas were properly served. ECF No. 1-3 at 2. The government provided the declaration of Mr. Khan, which attached certificates of service for both the subpoena duces tecum and deposition subpoena, as well as the FedEx shipment receipt.[2] ECF No. 1-4 at 7, 15, 21. Therefore, the government has sufficiently established that the subpoenas were properly served on Mr. Wagner.[3] *See Garner*, 126 F.3d at 1142–43.

Third, the Court finds that the evidence sought is relevant and material to the investigation. The relevance limitation is "not especially constraining." *E.E.O.C. v. Fed. Express. Corp.*, 558 F.3d 842, 854–55 (9th Cir. 2009) (citing *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68 (1984)). To meet the relevancy requirement, the agency "need not even show probable cause to believe that the law has been violated, [] only some reasonable basis for believing that the information will prove relevant." *N.L.R.B. v. Int'l Medication Sys., Ltd.*, 640 F.2d 1110, 1114 n.2 (9th Cir. 1981) (internal citations omitted). As such, a court "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *Golden Valley Elec. Ass'n*, 689 F.3d at 1113–14 (internal quotation marks omitted). "On the other hand, 'Congress did

---

[2] The FedEx receipt contains a tracking number, which shows that the deposition subpoena was delivered on April 29, 2022, at 9:46 AM. FEDEX TRACKING, https://www.fedex.com/fedextrack/?trknbr=776708257031&trkqual=2459697000~776708257031~FX (last visited Apr. 21, 2023).

[3] Mr. Ricotta claims that, because the subpoenas were mailed to Mr. Wagner's business address, service was improper. ECF No. 5 at 10 (citing 14 C.F.R. § 13.57). Since Mr. Wagner did not argue that service was improper, the Court's analysis remains unchanged. Further, 14 C.F.R. § 13.57 states that "[p]roving service, if necessary, requires … a statement showing the date and manner of service and the names of the persons served. The server must certify the statement." 14 C.F.R. § 13.57(d). Here, the certificates of service submitted by the government provide the necessary dates, manner of service, name of person served, and certification. ECF No. 1-4 at 7, 15.

not eliminate the relevance requirement' and courts must be careful not to construe the relevancy requirement of an administrative subpoena 'in a fashion that renders that requirement a nullity.'" *United States v. Bureau of Cannabis Control*, No. 20cv1375-BEN-LL, 2020 WL 5106664, at *3 (S.D. Cal. Aug. 31, 2020) (quoting *Shell Oil Co.*, 466 U.S. at 69).

Here, the government seeks documents and deposition testimony relating to air transportation provided to Mr. Wagner by Mr. Ricotta. *See* ECF No. 1-4 at 5 (requesting agreements, invoices, and payments related to air transportation provided to Mr. Wagner or Wagner Aeronautical, Inc. by Mr. Ricotta or his associates, and documents containing contact information regarding who arranged the air transportation); *id.* at 13 ("the FAA will depose you regarding transportation by air provided to you by Lance Ricotta"). Since the FAA's investigation involves whether Mr. Ricotta was providing air transportation to Mr. Wagner without the proper FAA certification, the Court agrees with the government that the information sought by the subpoenas is relevant[4] and material. *See* ECF No. 1-2 at 7 ("These requested documents are highly relevant to the FAA's investigation into whether Mr. Ricotta may have been providing air transportation to Wagner without the proper FAA certification. Invoices, payment records, operating agreements, and lists of names for people who arranged air transportation for Wagner would all provide valuable information on whether Mr. Ricotta was engaging in providing air transportation to customers for compensation or hire."); *see also Zepeda*, 2022 WL 2063249, at *4 ("A district court defers to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong") (internal quotation marks omitted).

---

[4] Of note, though Mr. Wagner attests that "Mr. Ricotta provided him a demonstration flight in the aircraft that my client is interested in purchasing," (ECF No. 6-1 at 1), Mr. Ricotta concedes that he has acted as "[Mr.] Wagner's Chief Pilot," (ECF No. 5 at 3), which is squarely relevant to the FAA's investigation.

3:22-cv-01791-WQH-AHG

Since the government has satisfied the *Children's Hospital* requirements—Congress has granted the FAA the authority to investigate, the procedural requirements have been followed, and the evidence sought is relevant and material to the investigation—the Court turns to whether the subpoenas are overbroad or unduly burdensome.[5] *See N. Bay Plumbing*, 102 F.3d at 1007.

The burden of proving that an administrative subpoena is unduly burdensome or unreasonably broad is not easily met. *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1*, LLC, No. 2:17cv914-GMN-PAL, 2018 WL 1524440, at *7, *7 n.7 (D. Nev. Mar. 27, 2018) (collecting cases). "'[I]f the investigation is legitimate, the subpoena is not needlessly broad, and the records sought are relevant to the inquiry,' the subpoena should be enforced." *Vista Del Sol Heath Servs.*, 40 F. Supp. 3d at 1256 (quoting *Int'l Medication Sys.*, 640 F.2d at 1114). To demonstrate that an administrative subpoena imposes an undue burden, "a subpoenaed party must provide specific evidence showing that compliance 'threatens to unduly disrupt or seriously hinder normal operations of a business.' [] Merely referencing the agency's extensive requests or asserting that compliance would be costly is not enough." *Id.* (internal citation omitted). As such, "[c]onclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Cf. Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016). Further, if the party seeking to quash the subpoena does not "come forward with facts suggesting that the subpoena is intended to solely serve purposes outside the

---

[5] "An administrative subpoena is consistent with the Fourth Amendment if 'the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry.'" *Golden Valley Elec. Ass'n*, 689 F.3d at 1113 (quoting *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 209 (1946)). "Beyond this, the requirement of reasonableness comes down to whether specification of the documents to be produced is adequate, but not excessive, for the purposes of the relevant inquiry." *Id.* Thus, the Court finds that the subpoenas are consistent with the Fourth Amendment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

purview of the jurisdiction of the issuing agency," the court should "act summarily" and enforce the subpoena. *Vista Del Sol Heath Servs*., 40 F. Supp. 3d at 1256.

Mr. Wagner's argument that the subpoenas are overbroad and unduly burdensome because the investigation is barred by the six-month stale complaint rule[6] is not persuasive to the Court. ECF No. 6 at 4–5. First, the stale complaint rule does not apply to the instant matter. *Compare* 49 C.F.R. § 821.33(b) (motion to dismiss under 6-month stale complaint rule shall be denied when complaint alleges lack of qualification) *with* ECF No. 1-4 at 4 ("this investigation is related to alleged flight operations conducted by Lance Ricotta while Mr. Ricotta may have been required to hold an air carrier certificate in order to conduct such operations"). Alternatively, even if the stale complaint rule applied, the investigation may still be permissible and, thus, the subpoenas still valid. *See* 49 C.F.R. § 821.33(a) (motion to dismiss under 6-month stale complaint rule shall be denied when agency establishes good cause for the delay); 14 C.F.R. § 13.208(d) (motion to dismiss under 2-year stale complaint rule shall be denied when agency shows good cause for delay in issuing proposed civil penalty to the respondent). Courts have "expressly determined the FAA may conduct an investigation to assure itself that its regulations are being followed, regardless if it ultimately determines civil enforcement or formal charges are not warranted" and have concluded that "whether the statute of limitations has run on the FAA's ability to file a civil enforcement action has no bearing on whether the FAA may

_____

[6] Mr. Wagner's alternative and conclusory laches argument is also unpersuasive. *Compare Elwell v. Bade*, No. 1:19mc20-TWP-DLP, 2020 WL 3263656, at *11 (S.D. Ind. June 16, 2020) (overruling laches objection to enforcement of FAA subpoena because "Respondents cannot receive 'the benefit of a laches defense when they make only conclusory allegations ... that delay has adversely affected their ability to locate witnesses or produce evidence, because such allegations are insufficient to establish that Respondents have in fact been prejudiced") (brackets and internal quotation marks omitted) *with* ECF No. 6 at 6 ("It would be manifestly unjust for the FAA to allow Lance Ricotta to continue to accrue thousands of dollars' worth of potential liability during the same time frame in which the FAA has not asserted any actions against Lance Ricotta").

14

continue to investigate possible violations." *Bade*, 2020 WL 3263656, at *26 (rejecting stale complaint rule argument against FAA subpoena enforcement as inappropriate and inapplicable).

Further, as part of the stale complaint rule, the FAA is not required to complete the investigation within 75 days of the alleged violation, as Mr. Wagner contends. FAA Order 2150.3C, Ch. 4(f) (policy document noting "investigative personnel strive to complete investigations and fully assemble any associated EIR within 75 days of the date they learn of the violation") (emphasis added); FAA Order 2150.3C, Ch. 1(1) ("This order does not create any legal right, benefit, or entitlement, substantive or procedural, against the FAA"); *see Bade*, 2020 WL 3263656, at *9 ("[e]ven though the FAA has not completed its investigation within 75 days, a fact which may frustrate the Respondents, that does not make the 2018 Subpoenas irrelevant to the investigation or render the investigation itself illegitimate. … the guidelines Respondents claim the FAA departed from are just that— guidelines").

Similarly, Mr. Wagner's argument that subpoenas are an unduly burdensome fishing expedition because the FAA did not provide the name of the person who submitted the written complaint and the date of the incident that gave rise to the complaint is unpersuasive. *See* ECF No. 6 at 3–4. "The court's inquiry into the underlying circumstances is a limited one." *United States v. Kearns*, No. 2:11-351, 2011 U.S. Dist. LEXIS 63312, at *2–*3 (S.D. W. Va. June 14, 2011); *see Bade*, 2020 WL 3263656, at *9– *10 (overruling respondent's objection that the FAA's "investigation is motivated by an improper purpose" and explaining that the agency does not have the duty to disclose agency work product regarding the details of the investigation due to the deliberative process privilege). More persuasive, however, is that other courts have overruled identical objections. *Compare* ECF No. 6 at 4 ("Respondent does not contend that the FAA lacks authority to regulate aviation, but rather the FAA in this particular instance is abusing that authority. … Respondent also acknowledges that the subject matter of the subpoenas at issue is ordinarily within the FAA's purview, but states this particular subpoena is being

used in an improper fashion, in furtherance of an improper investigation.") *with Bade*, 2020 WL 3263656, at \*5–\*6 (overruling same argument that "the subject matter of the subpoenas at issue is ordinarily within the FAA's purview, but [] these particular subpoenas are being used in an improper fashion in furtherance of an improper investigation," finding that opening an investigation after receiving a complaint is squarely within the agency's authority and that respondent had not demonstrated that the FAA surpassed the boundaries of its broad investigative powers).

## VI.   CONCLUSION

For the reasons set forth above, the Court finds that the FAA has the authority to investigate Mr. Ricotta, the procedural requirements have been followed, all the evidence sought is relevant and material to the investigation, and Respondent has not demonstrated that the subpoenas are overbroad or unduly burdensome.

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1). **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) directing that Petitioner's Motion to Enforce FAA Subpoenas be **GRANTED**, and (3) requiring that Mr. Wagner comply with the document subpoena[7] and deposition subpoena within 30 days of the issuance of the Order. ECF No. 1.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **May 11, 2023**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **May 25, 2023**. The parties are advised that

---

[7] The Court recognizes that Mr. Wagner has produced certain documents in response to the subpoena duces tecum. Email to Chambers (Mar. 10, 2023, at 12:00 PM). Since the "the FAA continues to believe [Mr. Wagner] has additional information," (*see* Email to Chambers (Mar. 20, 2023, at 5:12 PM)), the Court recommends that, to the extent that the request is not moot, that it be granted.

3:22-cv-01791-WQH-AHG

failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  April 27, 2023

_____

Honorable Allison H. Goddard
United States Magistrate Judge

3:22-cv-01791-WQH-AHG